IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DEANNA STANFIELD | § | |
| | § | |
| VS. | § | CASE NO. 2:15-CV-1332 |
| | § | |
| ROBERT WALL | § | |

**DEFENDANT'S ORIGINAL ANSWER**

COMES NOW Robert Wall, Defendant, and in response to the Plaintiff's Original Complaint filed herein would respectfully show the Court as follows:

1.Defendant denies Plaintiff Deanna Stanfield is a resident of Louisiana residing in Caddo Parish, Louisiana.

2.Defendant admits the allegations concerning his residence.

3.Defendant denies diversity jurisdiction.

4.Defendant denies the parties to this lawsuit are citizens of different states. (28 U.S.C., sec. 1359).

5.Defendant denies the value of the matter in controversy exceeds $75,000.00.

6.Defendant admits the allegations in paragraph 4 of Plaintiff's Original Complaint.

7.Defendant admits the allegations in paragraph 5 of Plaintiff's Original Complaint.

8.Defendant admits the allegations in the 1st sentence of paragraph 6 of Plaintiff's Original Complaint.

9.Defendant admits the allegations in sentence 2 of paragraph 6 of Plaintiff's Original Complaint.

10.Defendant admits that he demanded that Plaintiff leave the premises as alleged in sentence 3 of paragraph 6 of Plaintiff's Original Complaint.

11.     Defendant denies swinging the pistol in Plaintiff's direction simultaneously with demanding Plaintiff leave the premises as alleged in sentence 3 of paragraph 6 of Plaintiff's Original Complaint.

12.     Defendant admits swinging a pistol in the Plaintiff's direction as alleged in sentence 3 of paragraph 6 of Plaintiff's Original Complaint.

13.     Defendant admits the allegations in the last sentence of paragraph 6 of Plaintiff's Original Complaint.

14.     Defendant denies the grounds of liability asserted by Plaintiff in paragraphs 7, 8, 9, and 10 of Plaintiff's Original Complaint.

15.     Defendant denies the claims for damages alleged by Plaintiff in paragraph 11 of Plaintiff's Original Complaint.

## AFFIRMATIVE DEFENSES

16.     Defendant asserts the affirmative defense of self defense and alleges that his conduct was in response to a rational apprehension of bodily injury to Defendant caused by the conduct of Plaintiff in advancing on him and shining a light in his eyes while verbally threatening injury to Defendant.

17.     Defendant asserts the affirmative defense of contributory/comparative negligence and would show that Plaintiff advanced on Defendant, shining a light in his eyes and threatening Defendant with bodily injury.

18.     Defendant asserts the affirmative defense of sole proximate cause and would show that the conduct of Plaintiff as alleged in paragraphs 16 and 17 above were the sole proximate cause of the occurrence in question and any damages alleged by Plaintiff.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that all causes of action and damages alleged by Plaintiff be denied and that Defendant be wholly discharged from liability to Plaintiff and that he go hence, without day, with his costs and for such other and further relief as the Court deems necessary under the circumstances.

Respectfully submitted,

**PATTON, NIX & YOUNG, LLP**
P.O. BOX 3444
LONGVIEW, TEXAS 75606
(903)758-6151
(903)758-7117 FAX
E-mail: jbyoung1@swbell.net


BY:   /s/Joe B. Young
      JOE B. YOUNG
      Bar No. 22192500

**ATTORNEYS FOR DEFENDANT**


### CERTIFICATE OF SERVICE

By signature above, and pursuant to F.R.C.P. 5(d)(1), Joe B. Young certifies that the following counsel of record has been provided with a true and correct copy of this document via first class mail on this 10day of August, 2015:

Bobby Lamb
GILLAM & SMITH, LLP
303 South Washington Ave.
Marshall, TX 75670
Tel:903-934-8450
Fax: 903-934-9257
wrlamb@gillamsmithlaw.com
*Attorney for Plaintiff*

                              /S/ Joe B. Young
                              JOE B. YOUNG